El Pueblo de Puerto Rico, demandante y apelado, *v.* George Edmunson, acusado y apelante.

No. 3528.—*Sometido:* Junio 20, 1928. *Resuelto:* Julio 16, 1929.

L. *Tormes,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El primer motivo que alega el apelante contra la sentencia que lo condenó a pagar una multa o en su defecto a sufrir prisión es que la corte inferior cometió error al declarar sin lugar la excepción previa que formuló contra la denuncia, la que fundó en que no aduce hechos constitutivos de delito y en que los hechos de la denuncia están expuestos en forma tal que una persona de inteligencia común no puede entenderlos y no dan margen para que el denunciado pueda defenderse.

La denuncia dice así:

"Yo, Rafael Antonio Covas, vecino de Guayama, calle de Calimano (Hotel París) número xxx, de 20 años, formulo denuncia contra George Edmunson, *Manager* del *team* de *baseball Crisfield* por delito de violación del Art. 475 del Código Penal vigente, cometido en la manera siguiente: Que en 13–26 de diciembre de 1927, y en el Hotel París, sito en la calle Calimano, de Guayama, P. R., del distrito judicial municipal de Guayama, P. R., que forma parte del distrito judicial de Guayama, P. R., allí y entonces, ilegal, voluntaria y maliciosamente obtuvo del denunciante como administrador del Hotel París, propiedad de los Sucesores de Antonio Covas, alimentos y hospedaje, cuyo valor monta a $286.00, para el referido acusado como *manager* del *team* de pelota llamado *Crisfield,* así como para los demás miembros de dicho team de pelota, los que eran por todos once personas, habiendo abandonado el referido Hotel París

sin que el acusado ni ninguno de los otros miembros del mencionado *team,* a su nombre, pagase el importe de las comidas y hospedaje que adeudaban al susodicho hotel, con la intención manifiesta de defraudar a la Sucesión de Antonio Covas, dueña del Hotel París, y a su administrador, que es el denunciante, en la referida cantidad de $286.00 importe de las comidas y hospedaje en cuestión.

"Hecho contrario a la ley, etc."

El artículo que se dice infringido lee como sigue:

"Art. 475.—Incurrirá en *misdemeanor* toda persona que obtuviere alimento u hospedaje en alguna fonda o casa de huéspedes, sin pagarlo, con intención de defraudar al propietario o administrador de la misma, o que obtuviere crédito en alguna fonda o casa de huéspedes valiéndose de engaño, o que después de obtenido crédito u hospedaje en alguna fonda o casa de huéspedes, se ocultare o clandestinamente sacare su equipaje de allí, sin pagar su comida u hospedaje."

Según dicho precepto comete ese delito la persona que obtuviere alimento u hospedaje en fonda o casa de huéspedes sin pagarlo con la intención de defraudar al propietario o administrador de la misma: también la que obtuviere crédito en fonda o casa de huéspedes valiéndose de engaño: y la que después de obtenido dicho crédito se ocultare o clandestinamente sacare su equipaje de allí sin haber pagado su comida u hospedaje. Y la denuncia contra el apelante claramente está comprendida en la primera modalidad de ese delito pues dice que el denunciado obtuvo en el Hotel París alimentos y hospedaje para él y para otras personas, habiendo abandonado dicho hotel sin pagar el importe de la comida y hospedaje, con la intención de defraudar a los dueños del hotel. Dice el apelante que la denuncia no le imputa la intención de defraudar a alguna persona, pero ya hemos visto que sí le hace tal imputación pues dice que abandonó el hotel con la intención manifiesta de defraudar a la Sucesión Covas, dueña del mismo.

No tiene tampoco razón el apelante en el segundo motivo de su excepción previa pues cualquiera persona de regular

inteligencia que lea la denuncia puede saber que se imputa al apelante que obtuvo hospedaje y comida en un hotel para él y para otros y se marchó sin pagar, con la intención de defraudar a los dueños del hotel.

■ El segundo motivo para la apelación es que la corte cometió error en la apreciación de la prueba.

La evidencia presentada por el fiscal y por el denunciado fué contradictoria. La primera tendió a probar los hechos de la denuncia y que el apelante fué el que se comprometió a pagar el hotel para él y sus compañeros, mientras que la prueba del apelante tendió a demostrar que él no hizo el compromiso de pagar sino que fué otra persona la que hizo tal trato y la que debía pagar. La corte decidió el conflicto de la evidencia en contra del apelante, y después de haber leído todas las declaraciones no podemos declarar que hubo error en la apreciación de la prueba.

El tercer motivo de error es consecuencia de las alegaciones de los dos anteriores, pues se dice en él que la sentencia es contraria a derecho y a las pruebas, pero decididos los precedentes motivos de error en contra del apelante, es consecuencia inevitable que la sentencia no es contraria a derecho y a la prueba.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Wolf, disintió.